1  **MORGAN, LEWIS & BOCKIUS LLP**
   JOSEPH DUFFY (State Bar No. 241854)
2  JOSEPH BIAS (State Bar No. 257127)
   300 South Grand Avenue, Twenty-Second Floor
3  Los Angeles, CA 90071-3132
   Telephone: 213.612.2500
4  Facsimile: 213.612.2501
   E-mail:  jduffy@morganlewis.com
5          jbias@morganlewis.com

6  Attorneys for Defendants
   Chase Home Finance, LLC; Chase Home Finance, Inc.; JPMorgan
7  Chase & Co. (incorrectly named "JP Morgan & Company");
   JPMorgan Chase Bank, N.A. (incorrectly named as "JP Morgan
8  Chase"); Chase Bank USA, N.A. (incorrectly named as "Chase
   Bank USA")

9

10                    UNITED STATES DISTRICT COURT

11                   EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 12  KAYRINKIA J. GILLILAND, | Case No. 2:14-cv-02834-WBS-EFB |
| 13                Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| 14          vs. | |
| 15  CHASE HOME FINANCE, LLC; CHASE HOME FINANCE, INC.; JP MORGAN & COMPANY; JP MORGAN CHASE; CHASE BANK USA; GLENN MOURIDY; THOMAS WIND and Does I-XX et. al. | |
| 16 | |
| 17 | [Filed Concurrently with Defendants' Request for Judicial Notice] |
| 18                Defendants. | (Removed from the Superior Court of the State of California, County of Sacramento, Case No. 34-2014-00168976) |
| 19 | |
| 20 | |
| 21 | Date:       January 26, 2015 |
| | Time:       2:00 p.m. |
| 22 | Court:      501 I Street, Suite 4-200 |
| | Sacramento, CA 95814 |
| 23 | Crtrm:      5 |
| 24 | Honorable William B. Shubb |

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

PLEASE TAKE NOTICE that on January 26, 2015, at 2:00 p.m. or as soon thereafter as this matter may be heard in Courtroom 5 of the United States District Court for the Eastern District of California, 501 I Street, Suite 4-200, Sacramento, CA 95814, the Honorable William B. Shubb presiding, Defendants Chase Home Finance, LLC; Chase Home Finance, Inc.; JPMorgan Chase & Co. (incorrectly named "JP Morgan & Company"); JPMorgan Chase Bank, N.A. (incorrectly named as "JP Morgan Chase"); Chase Bank USA, N.A. (incorrectly named as "Chase Bank USA") (collectively "Chase") will move pursuant to Fed. R. Civ. P. 12(b)(6) for an order to dismiss the Plaintiff's Complaint ("Complaint").

The Complaint fails to allege any facts that would support a claim against Chase, which was the former servicer of the loan at issue.  All of the claims are barred by the doctrine of judicial estoppel, time-barred, and fail for want of standing due to an absence of tender.  Furthermore, they are ill-pled in that they fail to distinguish between Defendants and/or articulate sufficient supporting facts.  Finally, several of Plaintiff's claims fail because they cannot be brought against Chase.

This motion will be based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities in support of the Motion, the concurrently filed Request for Judicial Notice and upon such further oral or documentary evidence and argument as may be presented at or before the hearing and any other matter the Court may deem appropriate.

Dated:  December 9, 2014                    **MORGAN, LEWIS & BOCKIUS LLP**

By: /s/ Joseph Duffy
Joseph Duffy
Attorneys for Defendant
Chase Home Finance, LLC; Chase Home Finance, Inc.; JPMorgan Chase & Co. (incorrectly named "JP Morgan & Company"); JPMorgan Chase Bank, N.A. (incorrectly named as "JP Morgan Chase"); Chase Bank USA, N.A. (incorrectly named as "Chase Bank USA")

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25506507.1

1

3:14-CV-05176-HRL
CHASE'S MOTION TO DISMISS

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................... 1

I.      INTRODUCTION ............................................................................................ 1

II.     FACTUAL BACKGROUND ........................................................................... 1

III.    SUMMARY OF COMPLAINT ....................................................................... 3

        A.      First Cause of Action – Breach of Contract ........................................ 3

        B.      Second Cause of Action – Breach of Permanent Loan Modification
                (CPLM) ................................................................................................. 4

        C.      Third Cause of Action – Breach of Covenant of Good Faith and Fair
                Dealing on TPP ..................................................................................... 4

        D.      Fourth Cause of Action – Violation of Good Faith and Fair Dealing on
                CPLM .................................................................................................... 4

        E.      Fifth Cause of Action – Wrongful Foreclosure and Violation of Civil Code
                Sections 2923.6 And 2923.7 ................................................................. 4

        F.      Sixth Cause of Action – Intentional Misrepresentation ...................... 4

        G.      Seventh Cause of Action – Unfair Business Practices (Business and
                Professions Code secs. 17200 et seq.) .................................................. 5

        H.      Eighth Cause of Action – Breach of Civil Code sections 2923 and 2924 ............. 6

        I.      Ninth Cause of Action – Dual Tracking in Violation of Civil Code sections
                2953 and 2954 ...................................................................................... 6

        J.      Tenth Cause of Action – Negligence .................................................... 7

IV.     THE APPLICABLE LEGAL STANDARD ..................................................... 7

V.      ARGUMENT ................................................................................................... 8

        A.      The Complaint Does Not Comply With Rule 8 .................................... 8

        B.      Plaintiff Is Estopped From Bringing Her Claims Here ........................ 8

        C.      Plaintiff's Claims Are All Time Barred ............................................... 10

        D.      Plaintiff's Claims Seek To Effectively Rescind The Foreclosure Sale But
                Fail To Allege Tender ........................................................................... 11

        E.      Plaintiff's First Through Fourth Claims Fail To Properly Plead Any
                Contract-Based Claim .......................................................................... 12

        F.      Plaintiff Failed To State a Claim For Wrongful Foreclosure .............. 13

        G.      Plaintiff's Eighth Cause of Action Fails to State Claim ..................... 14

        H.      Plaintiff's Tenth Cause of Action Fails to State a Claim .................... 15

VI.     CONCLUSION ................................................................................................ 16

i

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

Ashcroft v. Iqbal
  556 U.S. 662 (2009) .......................................................................................... 7

Beaver v. Tarsadia Hotels
  978 F. Supp. 2d 1124 (S.D. Cal. 2013) ........................................................ 10, 11

Bell Atl. Corp. v. Twombly
  550 U.S. 544 (2007) .......................................................................................... 8

Curley v. Wells Fargo & Co.
  No. 13-CV-03805 NC, 2014 WL 988618 (N.D. Cal. Mar. 10, 2014) ................... 12

Cusano v. Klein
  264 F.3d 936 (9th Cir. 2001) .......................................................................... 8, 9

First Nat'l Bank v. Lasater
  196 U.S. 115 (1905) .......................................................................................... 9

Hamilton v. Bank of Blue Valley
  746 F.Supp.2d 1160 (E.D. Cal. 2010) .......................................................... 11, 12

Hamilton v. State Farm Fire & Cas. Co.
  270 F.3d 778 (9th Cir. 2001) ............................................................................ 9

Hay v. First Interstate Bank of Kalispell, *N.A.*
  978 F.2d 555 (9th Cir. 1992) ............................................................................ 9

Heath v. Am. Express Travel Related Servs. Co. *(In re Heath)*
  331 B.R. 424 (9th Cir. B.A.P. 2005) ................................................................ 10

In re Coastal Plains, Inc.
  179 F.3d 197 (5th Cir. 1999) ............................................................................ 9

In re Coombs
  193 B.R. 557 (Bankr. S.D. Cal. 1996) ................................................................ 9

In re Degenaars
  261 B.R. 316 (Bankr. M.D. Fla. 2001) ................................................................ 8

In re Lasky
  364 B.R. 385 (Bankr. C.D. Cal. 2007) .............................................................. 10

McNeil v. Home Budget Loans
  2010 U.S. Dist. LEXIS 58111 (C.D. Cal. 2010) .................................................. 8

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO DISMISS

1

## TABLE OF AUTHORITIES

2

**Page**

3

Navarro v. Block
    250 F.3d 729 (9th Cir. 2001)..................................................................................... 7

4

O'Halloran v. First Union Natl. Bank of Florida
    350 F.3d 1197 (11th Cir. 2003)................................................................................. 8

5

6

Rosenfeld v. JPMorgan Chase Bank, *N.A.*
    732 F.Supp.2d 952 (N.D. Cal. 2010) ....................................................................... 12

7

Vertkin v. Wells Fargo Home Mortg.
    2010 U.S. Dist. LEXIS 94105 (N.D. Cal. 2010)....................................................... 8

8

9

Vreugdenhill v. Navistar Intl Transp. Corp.
    950 F.2d 524 (8th Cir. 1991)..................................................................................... 9

10

11

**CALIFORNIA CASES**

12

Gilmore v. The Lycoming Fire Ins. Co.
    55 Cal. 123 (1880) ................................................................................................... 13

13

Gomes v. Countrywide Home Loans, Inc.
    192 Cal.App.4th 1149 (2011).................................................................................. 15

14

15

Harris v. Rudin, Richman & Appel
    74 Cal.App.4th 299 (1999)...................................................................................... 13

16

Holly Sugar Corp. v. Johnson
    18 Cal.2d 218 (1941) ............................................................................................... 13

17

18

Lueras v. BAC Home Loans Servicing, LP
    221 Cal.App.4th 49 (2013)...................................................................................... 15

19

20

Nymark v. Heart Fed. Sav. & Loan Ass'n
    231 Cal.App.3d 1089 (1991)................................................................................... 15

21

22

Otworth v. S. Pac. Transp. Co.
    166 Cal.App.3d 452 (1985)..................................................................................... 13

23

24

Perlas v. GMAC Mortgage, LLC
    187 Cal.App.4th 429 (2010).................................................................................... 15

25

Reichert v. Gen. Ins. Co.
    68 Cal. 2d. 822 (1968) ............................................................................................. 12

26

27

Sierra-Bay Fed. Land Assoc. v. Super. Ct.
    227 Cal.App.3d 318 (1991)..................................................................................... 15

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

MOTION TO DISMISS

# TABLE OF AUTHORITIES

Page

Ventura Cnty. Nat. Bank v. Macker
    49 Cal. App. 4th 1528, 57 Cal. Rptr. 2d 418 (1996) .............................................................. 11

Worldvision Enters., Inc. v. American Broadcasting. Cos., Inc.
    142 Cal.App.3d 589 (1983) ...................................................................................................... 15

**FEDERAL STATUTES**

Federal Rules of Civil Procedure
    Rule 8 ......................................................................................................................................... 8
    Rule 8(a)(2) ................................................................................................................................ 7
    Rule 12(b)(6) ............................................................................................................................. 7

Federal Rules of Evidence
    Rule 801(d)(2) ......................................................................................................................... 10

11 United States Code
    Section 541 ................................................................................................................................ 8
    Section 704 ................................................................................................................................ 8

**CALIFORNIA STATUTES**

California Business and Professions Code
    Section 17208 .......................................................................................................................... 11

California Civil Code
    Section 2923 ............................................................................................................................ 11
    Section 2923.5 ......................................................................................................................... 14
    Section 2923.5(g) .................................................................................................................... 14
    Section 2923.55 ...................................................................................................................... 14
    Section 2923.6 .................................................................................................................. 13, 14
    Section 2923.7 .................................................................................................................. 13, 14
    Section 2923.55 ...................................................................................................................... 14
    Section 2924 ............................................................................................................................ 11
    Section 2924.12(g) .................................................................................................................. 14
    Section 292415(a) ............................................................................................................. 13, 14
    Section 2924.17 ...................................................................................................................... 14
    Section 2924.18 ...................................................................................................................... 14

California Code of Civil Procedure
    Section 337 .............................................................................................................................. 11
    Section 338 .............................................................................................................................. 11
    Section 339 .............................................................................................................................. 11
    Section 580d ............................................................................................................................ 10

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

iv

MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Chase Home Finance, LLC; Chase Home Finance, Inc.; JPMorgan Chase & Co. (incorrectly named "JP Morgan & Company"); JPMorgan Chase Bank, N.A. (incorrectly named as "JP Morgan Chase"); Chase Bank USA, N.A. (incorrectly named as "Chase Bank USA") (collectively "Chase") respectfully submit the following memorandum of points and authorities in support of their attached motion to dismiss Plaintiff Kayrinkia Gillilland's ("Plaintiff") complaint (the "Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.   INTRODUCTION

The Complaint fails to allege any facts that would support a claim against Chase, which was the former servicer of the loan at issue.  All of the claims are barred by the doctrine of judicial estoppel, time-barred, and fail for want of standing due to an absence of tender.  Furthermore, they are ill-pled in that they fail to distinguish between Defendants and/or articulate sufficient supporting facts.  Finally, several of Plaintiff's claims fail because they cannot be brought against Chase.  Given that these fatal deficiencies cannot be cured by amendment, Chase asks that they be dismissed with prejudice.

## II.   FACTUAL BACKGROUND

Plaintiff alleges that she "was the owner of real property located at 1517 Los Robles Blvd, Sacramento, California 95838 [(the "Property")] and is a citizen of the state of California." (Compl. ¶ 1.)  Plaintiff does not allege that the Property was her principal place of residence or make any allegation regarding the nature of her alleged mortgage or deed of trust.

In December 2009, Plaintiff alleges Defendants "notified Plaintiff that she was eligible for the federal government Home Affordable Modification Program (HAMP)."  (Compl. ¶ 20.) Plaintiff purports to quote from the notice and the allegedly offered trial loan modification offer ("TPP"), but does not attach copies of either to the Complaint.  (Compl. ¶¶ 20-21; 26.)  On or around March 31, 2010, the Complaint states that Defendants wrote to Plaintiff offering her a final Home Affordable Modification Agreement ("CPLM").  (Compl. ¶ 23.)  Plaintiff claims that the terms of the CPLM included a promise that "[o]nce [Plaintiff had] fulfilled the terms of the trial period plan, including but not limited to making any remaining trial period payments,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25506507.1

1

3:14-CV-05176-HRL
CHASE'S MOTION TO DISMISS

[Defendants would] waive ALL late charges that accrued and remain unpaid at the end of the trial period." (Compl. ¶ 23.) Plaintiff alleges that she also submitted an enrollment form for automatic payment of the monthly payments under the CPLM. (Compl. ¶ 24.) Plaintiff did not attach a copy of the alleged CPLM or the automatic payment enrollment form to the Complaint.

Plaintiff further alleges that representatives of Defendants assured Plaintiff that she "was in complete compliance pursuant to the terms of the CPLM" and assured her "that she was not in default or in arrearages and her home was not in foreclosure proceedings." (Compl. ¶ 27-28.) According to the Complaint, "Plaintiff received a call from a collection agency" on or around April 16, 2010, informing her that Chase "had reported her in default of her home loan for the [Property] in the amount of roughly $3500." (Compl. ¶ 29.) Plaintiff alleges that at that time Mr. Pankow, a representative of Defendants, informed her that Defendants were "not going to honor the terms of the CPLM, that there was no agreement of loan modification, that Defendants would not accept further payments from Plaintiff, that Plaintiff was in default, that she should not make any further payments, that if she made further payments she would lose that money forever, and that she was being considered for loan modification." (Compl. ¶ 31.) The Complaint then states that Mr. Pankow also assured her that Defendants would not proceed with foreclosure while her loan modification application was pending. (Compl. ¶ 32.)

Plaintiff further alleges that on or around May 29, 2010, Defendants notified Plaintiff in a letter "that she was in default and would be required, within 32 days, to pay more than $5000 to cure her default." (Compl. ¶ 35.) On or around June 2010, representatives of Defendants allegedly told Plaintiff that her house "was not in foreclosure proceedings, that she should not make payments, that she was being considered for a modification and promised again that Defendants would not foreclose upon her home." (Compl. ¶ 36.) Plaintiff further claims that on July 6, 2010, Defendants sent a written demand to Plaintiff demanding "past due payments … in the amount of $5,729.88." (Compl. ¶ 39.) Plaintiff did not attach copies of any of this alleged written correspondence to her Complaint.

On February 26, 2011, Plaintiff filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code. (RJN Ex. A.) Plaintiff's bankruptcy schedules, particularly number 21

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

DB2/ 25506507.1

3:14-CV-05176-HRL
CHASE'S MOTION TO DISMISS

1  of her schedule of personal property, fails to list any claims against Chase, despite the fact that

2  Chase allegedly informed her on July 6, 2010 that its records reflected that Plaintiff owed

3  $5,729.88, an assertion which Plaintiff contends was incorrect because she was allegedly current

4  under the terms of her alleged loan modification.  (Compl. ¶ 39); (RJN Ex. A at p. 13.)  Plaintiff

5  also failed to list her home loan among the secured debts she owed under Schedule D.  (RJN

6  Ex. A at p. 16.)  Rather, she listed it as an unsecured liability under Schedule F, describing it as a

7  "deficiency balance" in the amount of $150,000.00."  (RJN Ex. A at p. 18.)  Under the fifth

8  section of her statement of financial affairs, she then listed the Loan as having been foreclosed on

9  October 10, 2010 – over four years before the Complaint was filed on October 24, 2014.  (RJN

10  Ex. A at p. 27.)  The bankruptcy court entered an order discharging the Plaintiff on May 31, 2011

11  and closed the case on June 3, 2011.  (RJN Exs. B-C.)

12      On September 15, 2011, the Property was sold at a trustee's sale.  (Compl. ¶ 40); (RJN

13  Ex. D.)  Plaintiff alleges that this sale occurred without proper notice.  (Compl. ¶ 40.)  Plaintiff

14  contends that as a result she lost equity in the Property, her down payment, and her "right to pay

15  down on the principal balance of the loan."  (Compl. ¶ 41.)  She further claims that she has

16  suffered extraordinary emotional distress and an impaired credit rating as a result of the

17  foreclosure.  (Compl. ¶¶ 42, 43.)

18  **III.    SUMMARY OF COMPLAINT**

19      The Complaint asserts ten causes of action.  Plaintiff brings each of the ten causes of

20  action against all Defendants but does not specify between Defendants in the allegations found in

21  the Complaint.

22      **A.    First Cause of Action – Breach of Contract**

23      Plaintiff alleges that Chase violated the terms of the trial modification plan by failing "to

24  modify Plaintiff's loan to a 30 year fixed loan with an interest rate and monthly payment amount

25  similar to that in the TPP."  (Compl. ¶¶ 46-48.)  Plaintiff contends that as a result of the alleged

26  breach she has suffered damages, including "loss of time in trying to communicate with [Chase],

27  loss of her down payment, damage to her credit rating, loss of equity and equity potential of her

28  home, and loss of all the payments made on her home."  (Compl. ¶ 49.)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25506507.1

3

3:14-CV-05176-HRL
CHASE'S MOTION TO DISMISS

**B.     Second Cause of Action – Breach of Permanent Loan Modification (CPLM)**

Plaintiff alleges that Chase violated the terms of the CPLM by foreclosing on the Property.  (Compl. ¶ 54.)  Plaintiff contends that as a result of the alleged breach she has suffered damages, including "loss of time in trying to communicate with [Chase], loss of her down payment, damage to her credit rating, loss of equity and equity potential of her home, and loss of all the payments made on her home."  (Compl. ¶ 55.)

**C.     Third Cause of Action – Breach of Covenant of Good Faith and Fair Dealing on TPP**

Plaintiff contends that Chase violated the covenant of good faith and fair dealing, that she claims is inherent in the trial modification plan, by foreclosing on the Property.  Plaintiff contends that as a result of this alleged breach she has suffered damages, including the loss of the Property, equity in the Property, her down payment on the home loan, and the right to pay down on the principal balance of the loan.

**D.     Fourth Cause of Action – Violation of Good Faith and Fair Dealing on CPLM**

Plaintiff contends that Chase violated the covenant of good faith and fair dealing, that she claims is inherent in the CPLM, by foreclosing on the Property.  Plaintiff contends that as a result of this alleged breach she has suffered damages, including the loss of the Property, equity in the Property, her down payment on the home loan, and the right to pay down on the principal balance of the loan.

**E.     Fifth Cause of Action – Wrongful Foreclosure and Violation of Civil Code Sections 2923.6 And 2923.7**

Plaintiff contends that Chase violated California Civil Code Section 2923.6 by foreclosing on the Property while a loan modification was in effect and/or while Chase was reviewing Plaintiff's loan modification application.  (Compl. ¶¶ 67-75.)  Plaintiff also contends that Chase violated California Civil Code § 2923.7 by failing to appoint a single point of contact for Plaintiff's loan modification processing.  (*Id.*)

**F.     Sixth Cause of Action – Intentional Misrepresentation**

Plaintiff alleges that between April 14, 2010 and September 20, 2011, when the Property was sold at a trustee's sale, representatives of Chase intentionally misrepresented (1) Plaintiff's

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25506507.1

4

3:14-CV-05176-HRL
CHASE'S MOTION TO DISMISS

1   default status on her loan; (2) Chase's intention to foreclose on the Property; and (3) the status of

2   Plaintiff's loan modification applications.  (Compl. ¶¶ 76-83.)  Plaintiff contends that she

3   reasonably relied on these misrepresentations to her detriment, when Chase foreclosed on the

4   Property.  (Compl. ¶ 84.)

5   **G.      Seventh Cause of Action – Unfair Business Practices (Business and Professions Code secs. 17200 *et seq.*)**

6

7           Plaintiff alleges that the purported intentional misrepresentations listed above were

8   fraudulent because (1) they "represented that Plaintiff's compliance with the TPP and CPLM

9   would prevent foreclosure[;]" and (2) the TPP plans misled "Plaintiff and the public into

10  believing that they would retain their homes."  (Compl. ¶¶ 86-87.)  Plaintiff further alleges that it

11  was fraudulent for Chase to conduct "foreclosure proceedings using companies which appear to

12  be independent entities from Defendant banks, while failing to disclose that these companies are

13  at least partially owned and controlled by Defendant banks."  (Compl. ¶ 90.)

14          Plaintiff alleges that the purported misrepresentations listed above were unfair because

15  (1) they "were a fraudulent, deceptive, misleading, unfair and unconscionable means of collecting

16  debts and further offends California's legislative policy set forth in Cal. Civ. Code sec. 2923.5

17  which requires that the mortgagee contact the borrower prior to filing a notice of default in order

18  to explore options for the Borrower to avoid foreclosure[;]" and (2) "conducting and continuing

19  to conduct foreclosure proceedings while representing that payment pursuant to the TPP would

20  result in permanent loan modification, also known as dual tracking, is a fraudulent activity and in

21  violation of public policy."  (Compl. ¶¶ 88-90.)  Plaintiff further alleges that it was unfair for

22  Chase to conduct "foreclosure proceedings using companies which appear to be independent

23  entities from Defendant banks, while failing to disclose that these companies are at least partially

24  owned and controlled by Defendant banks."  (Compl. ¶ 90.)  Plaintiff claims that she would not

25  have made "payments to Defendants totaling thousands of dollars which they would not have

26  made, and which could not lawfully have been collected from them but for Defendants fraudulent

27  actions."  (Compl. ¶ 95.)

28

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Los Angeles

DB2/ 25506507.1

5

3:14-CV-05176-HRL
CHASE'S MOTION TO DISMISS

## H.    Eighth Cause of Action – Breach of Civil Code sections 2923 and 2924

Plaintiff alleges violations of several provisions of California's non-judicial foreclosure statutes.  Specifically, she claims that Chase violated:

- California Civil Code Section 2923.5 by recording "a notice of default without first contacting the Plaintiff to access Plaintiff's financial condition and explore options to avoid foreclosure as required." (Compl. ¶ 97.)

- California Civil Code Section 2924.18 by recording "a notice of default without waiting the required 30 days." (Compl. ¶ 98.)

- California Civil Code Section 2923.6 by failing "to schedule a meeting with Plaintiff, failed to access the borrower's financial situation and explore options for the borrower to avoid foreclosure, failed to advise the borrower that he or she had a right to a subsequent meeting and failed to schedule such a meeting within 14 days of the initial contact." (Compl. ¶ 99.)

- California Civil Code Section 2924.17 by both failing to file a Section "2924 declaration" and filing "a false 2924 declaration" stating that the "mortgage servicer had contacted the borrower, had tried with due diligence to contact the borrower as required, or that that the contact was not required because the Plaintiff did not meet the definition of borrower." (Compl. ¶¶ 100, 103.)

- California Civil Code Section 2923.7 by failing "to send a certified letter with return receipt requested to Plaintiff providing a means for the borrower to contact in a timely manner, by direct means of communication, including a toll free telephone number." (Compl. ¶101.)

- California Civil Code Section 2923.55 by failing "to send to Plaintiff a statement that the borrower may request a copy of the borrowers promissory note or other evidence of indebtedness, a copy of the borrower's deed of trust, a copy of any assignment, and a copy of the borrower's payment history since the borrower was less than 60 days past due." (Compl. ¶ 102.)

Plaintiff contends that had Chase "complied with these requirements, Plaintiff would have been able to take steps to, and cure, the mortgage default and/or obtain performance from Defendants pursuant to the Modification Agreement." (Compl. ¶ 104.)  She claims that she was damaged in that she lost the Property and "suffered and continues to suffer the cost and expense of the pending litigation, continuing emotional distress, . . . and payment of housing expense without accruing any equity in a home." (Compl. ¶ 105.)

## I.    Ninth Cause of Action – Dual Tracking in Violation of Civil Code sections 2953 and 2954

Plaintiff contends that Chase violated California Civil Code Sections 2923 and 2924 et. seq. by foreclosing on the Property while she "was seeking a loan modification." (Compl. ¶¶

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25506507.1

6

3:14-CV-05176-HRL
CHASE'S MOTION TO DISMISS

1    107-10.)  She claims that as a result, she lost the Property and "suffered and continues to suffer

2    the cost and expense of pending litigation, continuing emotional distress, . . . and payment of

3    housing expense without accruing any equity in a home."  (Compl. ¶ 110.)

4    ## J.    Tenth Cause of Action – Negligence

5    Plaintiff claims that Chase had a duty of care to (1) "exercise reasonable care in locating,

6    interpreting and verifying [Plaintiff's] account information[;]" and (2) exercise reasonable care in

7    "responding to Plaintiff's questions and in advising her how to proceed" with her loan.  (Compl.

8    ¶¶ 112, 114.)  Plaintiff alleges that Chase violated the first duty of care when its representative

9    purportedly errantly informed Plaintiff that she was "not in foreclosure proceedings, . . . not in

10   arrearages, and . . . not in default."  (Compl. ¶ 112.)  Plaintiff alleges that Chase violated the

11   second duty of care when it purportedly "advised Plaintiff to stop making her loan payments and

12   that her home would not be foreclosed upon if she did so."  (Compl. ¶ 114.)  Plaintiff claims that

13   she relied on these alleged misrepresentations to her detriment in that she failed to make her

14   monthly loan payments and the Property was foreclosed upon.  (Compl. ¶¶ 114-16.)

15   ## IV.   THE APPLICABLE LEGAL STANDARD

16   Motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) test the legal sufficiency of a

17   complaint.  *See* Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  "To survive a motion to

18   dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

19   relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell

20   Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a

21   cause of action, supported by mere conclusory statements" are not enough to survive a motion to

22   dismiss.  Iqbal, 556 U.S. at 677.  Rather, Fed. R. Civ. P. 8(a)(2) imposes a "plausibility standard"

23   which requires a plaintiff to plead "factual content that allows the court to draw the reasonable

24   inference that a defendant is liable for the misconduct alleged."  Id.  In ruling on a Rule 12(b)(6)

25   motion, the Court is to accept the factual allegations of a complaint as true; however, allegations

26   amounting to nothing more than legal conclusions are not entitled to the assumption of truth.

27   Iqbal, 556 U.S. at 678.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25506507.1

3:14-CV-05176-HRL
CHASE'S MOTION TO DISMISS

## V. **ARGUMENT**

### A. **The Complaint Does Not Comply With Rule 8.**

Rule 8 is violated where "it is nearly impossible to discern a short and concise set of facts underlying the multitude of claims, including which claims are asserted against which defendants and for what reasons." McNeil v. Home Budget Loans, 2010 U.S. Dist. LEXIS 58111, at *7 (C.D. Cal. 2010).  This tactic, known as "group pleading," fails to provide any of the defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007).  Yet, the Complaint does just that.  It fails to support these claims with any factual assertions as to any specific Defendant, choosing instead to make general allegations against all Defendants.  As a result, Chase lacks notice of the legal or factual basis for the claims being asserted.  The Complaint fails to satisfy Rule 8's requirement that it contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  For the foregoing reasons, the entire Complaint fails as a matter of law.

### B. **Plaintiff Is Estopped From Bringing Her Claims Here.**

Pursuant to the Federal Bankruptcy Code, "[t]he commencement of a case under section 301, 302, or 303 of this title creates an estate.  Such estate is comprised of all the following property, wherever located and by whomever held: (1) ...all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541; see also Cusano v. Klein, 264 F.3d 936, 945-946 (9th Cir. 2001); Vertkin v. Wells Fargo Home Mortg., 2010 U.S. Dist. LEXIS 94105 (N.D. Cal. 2010) (property of bankruptcy estate included claims of wrongful foreclosure).

The bankruptcy estate is administered by a trustee, who is obligated to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704.  Subject to certain exemptions, a "trustee in bankruptcy succeeds to all causes of action held by a debtor at the time a bankruptcy petition is filed" and "holds the exclusive right to sue on behalf of the bankruptcy estate." See In re Degenaars, 261 B.R. 316, 319 (Bankr. M.D. Fla. 2001); O'Halloran v. First Union Natl. Bank of Florida, 350 F.3d 1197, 1202 (11th Cir. 2003).  "The

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25506507.1

8

3:14-CV-05176-HRL
CHASE'S MOTION TO DISMISS

1   debtor has a duty to prepare schedules carefully, completely, and accurately." <u>Cusano</u>, 264 F.3d

2   at 946 (internal citations omitted).  Schedules are to be complete, thorough and accurate so that

3   creditors may judge for themselves the nature of the debtor's estate.  *See* <u>In re Coombs</u>, 193 B.R.

4   557, 563 (Bankr. S.D. Cal. 1996).

5          Unless the bankruptcy court orders otherwise, property of the estate that is not abandoned

6   under this section and that is not administered in the case remains property of the estate.  *See*

7   <u>Vreugdenhill v. Navistar Intl Transp. Corp.</u>, 950 F.2d 524, 526 (8th Cir. 1991).  When a trustee is

8   unaware of an accrued right of action and, as a consequence, it is neither abandoned nor

9   administered in the bankruptcy nor the subject of a court order, it remains the property of the

10  estate.  *See, e.g.,* <u>First Nat'l Bank v. Lasater</u>, 196 U.S. 115, 119 (1905).

11         In the context of mortgage-related litigation, it is well-established that a debtor's failure to

12  disclose a foreclosure-related action in their bankruptcy schedules precludes the debtor from later

13  litigating the claim.  *See* <u>Hamilton v. State Farm Fire & Cas. Co.</u>, 270 F.3d 778, 784 (9th Cir.

14  2001).  The debtor has an ongoing duty of disclosure throughout the bankruptcy proceeding and

15  need not know all the facts or even the legal basis for the cause of action; if the debtor has enough

16  information … to suggest that it may have a possible cause of action, then that is a 'known' cause

17  of action such that it must be disclosed otherwise the debtor is barred from litigating that cause of

18  action in a subsequent adversarial action.  *See* <u>id</u>; <u>In re Coastal Plains, Inc.</u>, 179 F.3d 197, 207–

19  208 (5th Cir. 1999) (citations omitted).  The doctrine of judicial estoppel applies when the debtor

20  has knowledge of enough facts to know that a potential cause of action exists during the pendency

21  of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause

22  of action as a contingent asset.  *See* <u>Hay v. First Interstate Bank of Kalispell</u>*, N.A.*, 978 F.2d 555,

23  557 (9th Cir. 1992).

24         Plaintiff filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code

25  on February 26, 2011.  (RJN Ex. A.)  In Section 5 of her Statement of Financial Affairs, Plaintiff

26  asserts that the Property was foreclosed on October 10, 2010 and in her schedules listing creditors

27  holding unsecured nonpriority claims, she claims that her loan was no longer secured and was

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25506507.1

9

3:14-CV-05176-HRL
CHASE'S MOTION TO DISMISS

1   rather a deficiency balance.[1]  (RJN Ex. A at p. 27.)  When combined with the facts listed in the

2   Complaint regarding the loan modification discussions that give rise to all of Plaintiff's claims, it

3   is incontrovertible that Plaintiff was aware of all the facts necessary to assert the claims presented

4   in the Complaint well before she filed her bankruptcy petition.  (Compl. ¶¶ 20, 32.)  Despite this

5   knowledge, Plaintiff failed to list her claims in her bankruptcy schedules, specifically number 21

6   of her list of personal property.  (RJN Ex. A at p. 13.)  As the bankruptcy court entered a

7   discharge order and closed the bankruptcy case, Plaintiff is now estopped from bringing her

8   claims here.  (RJN Exs. C-D.)

9          Furthermore, case law has made clear that "bankruptcy schedules can constitute

10  admissions under Fed. R. Evid. 801(d)(2)."  Heath v. Am. Express Travel Related Servs. Co. (In

11  re Heath), 331 B.R. 424, 431 (9th Cir. B.A.P. 2005); see also In re Lasky, 364 B.R. 385, 390

12  (Bankr. C.D. Cal. 2007) ("It goes without saying that Debtors' schedules can constitute

13  admissions.").  Here, Plaintiff's failure to schedule the claims listed in the Complaint as assets of

14  her bankruptcy estate is tantamount to an admission by Plaintiff that these claims against Chase

15  are of no value.  In addition, her statements are also admissions of when she clearly possessed

16  knowledge of sufficient facts to trigger the statute of limitations for each of her claims, all of

17  which have expired, an issue addressed below.

18         For the foregoing reasons, Plaintiff is estopped from asserting the claims listed in the

19  Complaint.

20  **C.      <u>Plaintiff's Claims Are All Time Barred.</u>**

21         "Unlike federal law, under California law [,which governs here,] '[a] plaintiff has reason

22  to discover a cause of action when he or she 'has reason at least to suspect a factual basis for its

23  elements.'"  <u>Beaver v. Tarsadia Hotels</u>, 978 F. Supp. 2d 1124, 1150 (S.D. Cal. 2013) on

24  reconsideration in part, No. 11CV1842-GPC KSC, 2014 WL 3002297 (S.D. Cal. July 2, 2014).

25  Regarding the term "'elements,' the court looks at whether the plaintiffs had reason to at least

26  suspect that a type of wrongdoing has injured them, not whether the plaintiffs suspect 'facts

27

---

28   [1]   Plaintiff inexplicably notes in the Complaint that "Defendants have not provided waiver of
deficiency rights[,]" but California Civil Procedure Code § 580d prohibits the collection of such
amounts, obviating the need for any such waiver.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25506507.1

10

3:14-CV-05176-HRL
CHASE'S MOTION TO DISMISS

1    supporting each specific legal element of a particular cause of action.'" <u>Id</u>. at 1150-51.

2    "Furthermore, [t]he discovery rule only delays accrual until the plaintiff has, or should have,

3    inquiry notice of the cause of action." <u>Id</u>. at 1151.  "It is irrelevant that the plaintiff is ignorant

4    of . . . the legal theories underlying his cause of action," or that "an attorney has not yet advised

5    him." <u>Id</u>.

6         Plaintiff's bankruptcy schedules, filed on February 26, 2011, reveal that she was fully

7    aware of all facts necessary for all of her claims over four years before she filed the Complaint.

8    In Section 5 of her Statement of Financial Affairs, Plaintiff claims that the Property was

9    foreclosed on October 10, 2010 and that she had ceased residing in the Property in September

10   2010.  (RJN Ex. B.)  Plaintiff filed the Complaint on October 24, 2014.  The statute of limitations

11   for each of Plaintiff's causes of action is as follows:

12    1.   Breach of Contract: 4 years written & 2 years oral – Cal. Civ. Proc. Code §§ 337,
          339;

13    2.   Breach of the Covenant of Good Faith and Fair Dealing: same as breach of
14         contract;

15    3.   Wrongful Foreclosure: 3 years, as this claims sounds in fraud (misrepresentations
          from Chase) – Cal. Civ. Proc. Code § 338;

16    4.   Intentional Misrepresentation: 3 years – Cal. Civ. Proc. Code § 338;

17    5.   Negligent Misrepresentation: 2 years – Cal. Civ. Proc. Code § 339 (<u>Ventura Cnty.
          Nat. Bank v. Macker</u>, 49 Cal. App. 4th 1528, 1531, 57 Cal. Rptr. 2d 418, 420
18         (1996));

19    6.   Unfair Business Practices: 4 years - Civ. Code Section 17208;

20    7.   Violation of Civ. Code 2923, 2924 et. al: 3 years - statutory violations Cal. Civ.
          Proc. Code § 338; and

21    8.   Negligence: 2 years – Cal. Civ. Proc. Code § 339.

22   Because none of these claims has a statute of limitations beyond four years, they are untimely,

23   and Plaintiff's Complaint should be dismissed with prejudice.

24        **D.    <u>Plaintiff's Claims Seek To Effectively Rescind The Foreclosure Sale But Fail
              To Allege Tender.</u>**
25

26        "A tender is an offer of performance made with the intent to extinguish the obligation.  A

27   tender must be one of full performance . . . and must be unconditional to be valid." <u>Hamilton v.</u>

28   <u>Bank of Blue Valley</u>, 746 F.Supp.2d 1160, 1169 (E.D. Cal. 2010) (quoting <u>Arnolds Mgmt. Corp.</u>

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25506507.1

11

3:14-CV-05176-HRL
CHASE'S MOTION TO DISMISS

1  v. Eischen, 158 Cal.App.3d 575, 580 (1984)).  "Nothing short of the full amount due the creditor

2  is sufficient to constitute a valid tender, and the debtor must at his peril offer the full amount."  Id.

3  (quoting Rauer's Law etc. Co. v. S. Proctor Co., 40 Cal.App. 524, 525 (1919)).  "A defaulted

4  borrower is required to allege tender of the amount of [the lender's] secured indebtedness in order

5  to maintain any cause of action for irregularity in the sale procedure."  Id. (quoting Abdallah v.

6  United Savings Bank, 43 Cal.App.4th 1101, 1109 (1996), cert. denied, 519 U.S. 1081 (1997)).

7  "The tender rule applies not only to suits seeking to set aside a foreclosure but also to certain suits

8  seeking damages," for an allegedly wrongful foreclosure.  Curley v. Wells Fargo & Co., No. 13-

9  CV-03805 NC, 2014 WL 988618, at *4 (N.D. Cal. Mar. 10, 2014) (quoting Ottolini v. Bank of

10  Am., No. 11–cv–00477 EMC, 2011 WL 3652501, at *3 (N.D.Cal. Aug. 19, 2011)).

11         Plaintiff's claims contend that the trustee's sale of the Property was improper because

12  Plaintiff was not in default under the terms of an alleged loan modification agreement at that time.

13  She seeks monetary compensation for this alleged wrongful foreclosure, but fails to allege that

14  she has tendered the amount owed on her loan, and his claims therefore fail as a matter of law.

15         **E.**     **Plaintiff's First Through Fourth Claims Fail To Properly Plead Any**
              **Contract-Based Claim.**
16

17         A breach of contract claim requires (1) the existence of the contract, (2) plaintiff's

18  performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages

19  to the plaintiff.  See Reichert v. Gen. Ins. Co., 68 Cal. 2d. 822, 830 (1968).  Similarly, "the factual

20  elements necessary to establish a breach of the covenant of good faith and fair dealing are: (1) the

21  parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any

22  conditions precedent to the defendant's performance occurred; (4) the defendant unfairly

23  interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was

24  harmed by the defendant's conduct.  Rosenfeld v. JPMorgan Chase Bank, N.A., 732 F.Supp.2d

25  952, 968 (N.D. Cal. 2010).

26         Whether couched as a breach of contract claim or a breach of the covenant of good faith

27  and fair dealing claim, it is well-settled that where a written instrument is the foundation of a

28  cause of action, as in the instant matter, the terms must be pled exactly in haec verba by:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25506507.1

12

3:14-CV-05176-HRL
CHASE'S MOTION TO DISMISS

1  (1) attaching a copy of the instrument or agreement as an exhibit and incorporating it by proper

2  reference or (2) by setting out its terms verbatim in the body of the complaint.  *See* Otworth v. S.

3  Pac. Transp. Co., 166 Cal.App.3d 452, 458-458-59 (1985); Harris v. Rudin, Richman & Appel,

4  74 Cal.App.4th 299, 307 (1999); Holly Sugar Corp. v. Johnson, 18 Cal.2d 218, 225 (1941);

5  Where a party relies in his complaint upon a written contract and it affirmatively appears that all

6  of the terms of the contract are not set forth exactly *in haec verba*, nor stated in their legal effect,

7  or attached as an exhibit, but that a portion has been omitted, the complaint is insufficient.  *See*

8  Gilmore v. The Lycoming Fire Ins. Co., 55 Cal. 123, 124 (1880);

9          Here, Plaintiff has not attached a copy of any purported agreement with any specific

10  Defendant, nor has she pled the exact terms of any such agreement anywhere in the Complaint.

11  Rather, she claims that she was denied a permanent loan modification in contradiction of the TPP

12  and that Chase foreclosed on the Property in contradiction of the TPP and the CPLM.  (Compl. ¶¶

13  20-26.)  Accordingly, Plaintiff's first through fourth causes of action bringing claims for breach

14  of contract and breach of the covenant of good faith and fair dealing fail as a matter of law.

15          **F.**     **Plaintiff Failed To State a Claim For Wrongful Foreclosure.**

16          Plaintiff's fifth cause of action for wrongful foreclosure based on a violation of California

17  Civil Code §§ 2923.6 (dual tracking) and 2923.7 (single point of contact) also fails because

18  Plaintiff has not alleged that the Property is her primary owner-occupied residence or that it

19  secures a first lien mortgage or deed of trust.[2]  Pursuant to California Civil Code § 2924.15(a),

20  Cal. Civ. Code §§ 2923.6 and 2923.7 apply:

21              only to first lien mortgages or deeds of trust that are secured by
                owner occupied residential real property containing no more than
22              four dwelling units. For these purposes, "owner-occupied" means
                that the property is the principal residence of the borrower and is
23              security for a loan made for personal, family, or household
24              purposes.

25  Plaintiff merely claims to be the "owner" of the Property, but makes no reference to whether it is

26  her primary owner-occupied residence.  (Compl. ¶ 1.)  Plaintiff makes no allegation regarding

27

28  _____
    [2]    Plaintiff's Ninth Cause of Action for "Dual Tracking in Violation of Civil Code sections 2953
    and 2954" is duplicative of her fifth cause of action and fails for the same reasons.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25506507.1

13

3:14-CV-05176-HRL
CHASE'S MOTION TO DISMISS

1   whether the Property secures a first lien mortgage or deed of trust.  Accordingly, Plaintiff's fifth

2   cause of action fails as a matter of law.

3        **G.**     **Plaintiff's Eighth Cause of Action Fails to State Claim.**

4        In addition to the generally-applicable grounds for dismissal provided above, Plaintiff's

5   eighth cause of action, which alleges violations of California Civil Code §§ 2923.5, 2923.55,

6   2923.6, 2923.7, 2924.17, and 2924.18, fails for numerous reasons.  First, California Civil Code

7   § 2924.15(a)'s "first lien" and "owner-occupied" requirements listed immediately above also

8   apply to §§ 2923.5, 2923.55, 2923.6, 2923.7, and 2924.18, and the Complaint fails to plead that

9   the Property was Plaintiff's primary owner-occupied residence or the security for a first lien deed

10   of trust.  Second, § 2923.5 only applies to entities that in the prior year "foreclosed on 175 or

11   fewer residential real properties, containing no more than four dwelling units, that are located in

12   California," and Plaintiff failed to plead that Chase foreclosed on less than 175 properties during

13   the prior annual reporting period.  *See* Cal. Civ. Code § 2923.5(g).  Third, Chase, through its

14   parent corporation, JPMorgan Chase & Company, is a signatory to the consent order entered in

15   the case entitled United States of America et al. v. Bank of America Corporation ,et al. filed in the

16   United States District Court of the District of Columbia, case number 1:12-cv-00361 RMC, and

17   as such, it is exempt from liability for alleged violations of California's Home Owner's Bill of

18   Rights ("HOBR"), including California Civil Code §§ 2923.55, 2923.6, 2923.7, and 2924.17.

19   Cal. Civ. Code § 2924.12(g).  (RJN Ex. E (Consent Judgment).)  Fourth, Plaintiff does not

20   specify and Chase is not aware of any provision of § 2924.18 that establishes a 30-day waiting

21   period for filing a Notice of Default.  Finally, though Plaintiff baldly alleges that had Chase

22   "complied with these requirements, Plaintiff would have been able to take steps to, and cure, the

23   mortgage default and/or obtain performance from Defendants pursuant to the Modification

24   Agreement[,]" she does not articulate any facts to support such a conclusion (e.g. that she was

25   qualified for other loss mitigation alternatives or had alternative means of financing).  (Compl. ¶

26   104.)  In fact, Plaintiff filed bankruptcy in February 2011.  For all of these reasons, as well as the

27   generally applicable ones listed above, Plaintiff's eighth cause of action fails as a matter of law.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25506507.1

14

3:14-CV-05176-HRL
CHASE'S MOTION TO DISMISS

1

## H.    Plaintiff's Tenth Cause of Action Fails to State a Claim.

2         Plaintiff's tenth cause of action for Negligence contends that Chase had a duty of care to

3    (1) "exercise reasonable care in locating, interpreting and verifying [Plaintiff's] account

4    information[;]" and (2) exercise reasonable care in "responding to Plaintiff's questions and in

5    advising her how to proceed" with her loan.  (Compl. ¶¶ 112, 114.)  Plaintiff alleges that Chase

6    violated the first duty of care when its representative purportedly informed Plaintiff that she was

7    "not in foreclosure proceedings, …not in arrearages, and … not in default."  (Compl. ¶ 112.)

8    Plaintiff alleges that Chase violated the second duty of care when its representative(s) purportedly

9    "advised Plaintiff to stop making her loan payments and that her home would not be foreclosed

10   upon if she did so."  (Compl. ¶ 114.)  Plaintiff claims that she relied on these alleged

11   misrepresentations to her detriment in that she failed to make her monthly loan payments and the

12   Property was foreclosed upon.  (Compl. ¶¶ 114-16.)

13         There is no common law duty of duty of care in the traditional lender/servicer-borrower

14   relationship.  <u>Nymark v. Heart Fed. Sav. & Loan Ass'n</u>, 231 Cal.App.3d 1089, 1092 n.1 (1991) .

15   "A commercial lender is not to be regarded as the guarantor of a borrower's success and is not

16   liable for the hardships which may befall a borrower."  <u>Sierra-Bay Fed. Land Assoc. v. Super. Ct.</u>,

17   227 Cal.App.3d 318, 334 (1991); <u>see</u> <u>Perlas v. GMAC Mortgage, LLC</u>, 187 Cal.App.4th 429, 437

18   (2010).  A contractual relationship in which one party must rely on the other in itself does not

19   give rise to the existence of a duty.  <u>See</u> <u>Worldvision Enters., Inc. v. American Broadcasting.</u>

20   <u>Cos., Inc.</u>, 142 Cal.App.3d 589, 595 (1983).  Plaintiff has not alleged any facts which would take

21   this transaction outside of the normal domain of the usual loan transaction.  Rather, Plaintiff has

22   alleged nothing more than a contractual relationship with Chase (or some subset thereof) that is

23   not subject to any duty of care.  Thus, any alleged "duty of care" owed to Plaintiff during the

24   servicing and foreclosure of her loan, including the answering of Plaintiff's questions and its

25   advising Plaintiff regarding making payments on her loan, does not exist as a matter of law.  <u>See</u>

26   <u>e.g.</u>, <u>Lueras v. BAC Home Loans Servicing, LP</u>, 221 Cal.App.4th 49, 67 (2013) ; <u>see also</u> <u>Gomes</u>

27   <u>v. Countrywide Home Loans, Inc.</u>, 192 Cal.App.4th 1149, 1154 (2011) .  For all of the generally

28   applicable reasons listed above and absent a recognized duty of care, Plaintiff's tenth cause of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25506507.1

15

3:14-CV-05176-HRL
CHASE'S MOTION TO DISMISS

1    action for Negligence fails as a matter of law.

2    ## VI.    <u>CONCLUSION</u>

3    As discussed throughout this Motion, Plaintiff's claims are factually and legally deficient

4    in a manner that cannot be cured through amendment.  Accordingly, Chase respectfully requests

5    that the instant motion be granted with prejudice.

6

7    Dated:  December 9, 2014                    **MORGAN, LEWIS & BOCKIUS LLP**

8                                               By: /s/ Joseph Duffy
9                                                   Joseph Duffy
                                                    Attorneys for Defendant
10                                                  Chase Home Finance, LLC; Chase Home
                                                    Finance, Inc.; JPMorgan Chase & Co.
11                                                  (incorrectly named "JP Morgan &
                                                    Company"); JPMorgan Chase Bank, N.A.
12                                                  (incorrectly named as "JP Morgan Chase");
                                                    Chase Bank USA, N.A. (incorrectly named as
13                                                  "Chase Bank USA")

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25506507.1

3:14-CV-05176-HRL
CHASE'S MOTION TO DISMISS