UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| KAYRINKIA J. GILLILAND, | No. 2:14-cv-2834 JAM AC |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| CHASE HOME FINANCE, LLC, et al., | |
| Defendants. | |

Defendants, sued under the names Chase Home Finance, LLC, Chase Home Finance Inc., JP Morgan & Company, JP Morgan Chase and Chase Bank USA (the "Chase defendants"), have filed a motion to quash a deposition and for a protective order. ECF No. 33. Plaintiffs have filed an opposition to the motion. ECF No. 40. This discovery matter was referred to the undersigned by E.D. Cal. R. ("Local Rule") 302(c)(1).

The parties, all of whom are represented by counsel,[1] have not complied with this court's standard instructions regarding discovery disputes, see www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-allison-claire-ac ("Standard Information"), nor with this court's Local Rules governing discovery disputes, see E.D. Cal. R. 251 (discovery matters), nor with the Federal Rules of Civil Procedure

---

[1] The Chase defendants are represented by Joseph Duffy & Joseph Quattrocchi, of Morgan Lewis & Bockius LLP. Plaintiff is represented by Pamela J. Palmieri, of the United Law Center.

1

governing requests for protective orders, see Fed. R. Civ. P. 26(c)(1).

Indeed, the motion and opposition make no reference to the Local Rules, this court's standard instructions, or the federal rules requirement for "certification" of meet and confer activities.  The parties' filings indicate either a complete lack of awareness of the existence of these rules, or a conscious decision to ignore or disobey them.  Counsel are reminded of their obligation to familiarize themselves with, and to comply with, the applicable Federal Rules of Civil Procedure, this court's Local Rules governing discovery matters, and the undersigned's standard instructions regarding discovery disputes.

Although this marks the second time the parties have ignored clear instructions from this court,[2] it is the first such lapse before the undersigned.  Accordingly, the Chase defendants' motion will simply be denied without prejudice to its renewal in proper form.  The parties and their counsel are cautioned however, that going forward, they face sanctions for the filing of, or response to, any discovery motion that fails to comply with the applicable rules and instructions.

1. Joint Statement

The moving party is required to "draft and file a document entitled 'Joint Statement re Discovery Disagreement,'" which is to be prepared with, and signed by, all parties who are concerned with the discovery motion.  Local Rule 251(c).  Other than the very brief notice of motion to be filed by the movant, this Joint Statement is the *only* document that should be filed in regard to any renewed discovery motion.  "All arguments and briefing that would otherwise be included in a memorandum of points and authorities supporting or opposing the motion shall be included in this joint statement, and no separate briefing shall be filed."  Local Rule 251(c).

The parties are advised that the undersigned will not consider any declarations, memoranda or other documents (including any already filed on the docket), that are not included in the Joint Statement.  Moreover, any party filing other documents in support of or in response to the discovery motion – outside of the Joint Statement – will be subject to sanctions.  See also, Local Rule 251(d) (failure to meet or obtain Joint Statement).

---

[2]  See ECF No. 32 (Minute Order noting the parties' failure to comply with the district judge's order to file a joint status report).

2. <u>Meet and Confer</u>

The parties must meet and confer in an attempt to resolve their differences. E.D. Cal. R. 251(b). Any renewed motion "must include a *certification* that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1) (emphasis added).

The parties are advised that the undersigned strictly enforces meet and confer requirements. Written correspondence between the parties, including email, is insufficient to satisfy the parties' meet and confer obligations under Local Rule 251(b). Prior to the filing of a Joint Statement, the parties must confer in person or via telephone or video conferencing in an attempt to resolve the dispute. See www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-allison-claire-ac.

3. <u>Notice of Motion</u>

If the Chase defendants renew their motion, they are cautioned to provide the correct location of the hearing, and not to direct respondents to appear at "Courtroom 6" in the Clerk's Office, as was done in the pending notice of motion. Hearings scheduled before the undersigned should be scheduled for Courtroom 26 on the Eighth Floor of the federal courthouse at 501 I Street, Sacramento, CA 95814.

For the reasons stated above, IT IS HEREBY ORDERED that

1. The December 9, 2015 hearing on the Chase defendants' motion to quash and for a protective order is VACATED; and

2. The Chase defendants' motion to quash and for a protective order (ECF No. 33) is DENIED without prejudice to its renewal in proper form.

DATED: December 3, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE