UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYRINKIA J. GILLILAND,<br><br>       Plaintiff,<br><br>  v.<br><br>CHASE HOME FINANCE, LLC; CHASE HOME FINANCE, INC.; JP MORGAN & COMPANY; JP MORGAN CHASE; CHASE BANK USA; GLENN MOURIDY; THOMAS WIND; and DOES 1-20, et al.,<br><br>       Defendants. | No.  2:14-cv-2834-JAM-AC<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |

    Plaintiff Kayrinkia J. Gilliland ("Plaintiff") sued Defendants Chase Home Finance, LLC, Chase Home Finance, Inc., JP Morgan & Company, JP Morgan Chase, Chase Bank USA, and some of their employees (collectively, "Defendants") for purportedly mishandling her residential loan modification leading to foreclosure on her home.  Defendants move for judgment on the pleadings, recycling many of the same arguments they already unsuccessfully raised in their prior motion to dismiss.  For the

reasons stated below, the Court denies Defendants' motion.[1]

## I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff alleges she received a notice from Defendants in December 2009 that promised to modify her residential mortgage if she complied with the terms of a Modification Program Trial Period Plan ("TPP"). Compl. ¶¶ 1, 20. The TPP's terms included a requirement that Plaintiff make three monthly trial period payments of $731.29 on January 1, 2010, February 1, 2010, and March 1, 2010. Compl. ¶ 21. Plaintiff alleges that she made all three payments on time and on March 31, 2010, Defendants wrote to Plaintiff congratulating her on qualifying for a loan modification and enclosed a Home Affordable Modification Agreement ("modification agreement") containing the terms of her modified loan. Compl. ¶¶ 22-23. Plaintiff allegedly signed and returned the modification agreement to Defendants. Compl. ¶ 25.

Plaintiff alleges that, on April 14, 2010, she had two independent conversations with two different representatives of Defendants. Compl. ¶¶ 27-28. Both representatives allegedly confirmed to Plaintiff that Defendants had received the signed contract and that Plaintiff had a "solid" agreement with Defendants. Id. They also allegedly assured Plaintiff that she was not in default or arrears, that her home was not in foreclosure proceedings, and that she only needed to make timely payments to remain in compliance with their agreement. Id.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for January 12, 2016.

Nevertheless, on April 16, 2010, a collection agency allegedly called Plaintiff to inform her that Defendants had reported her in default on her home loan in an amount of about $3,500. Compl. ¶ 29. Plaintiff claims that she again contacted Defendants and spoke to a representative who now told her that Defendants would not honor the terms of the modification agreement, that there had been no loan modification, that Plaintiff was in default, and that she should not make further payments. Compl. ¶¶ 30-31. However, the representative also allegedly told Plaintiff that she was being considered for another loan modification, and that while her application for a loan modification was pending, Defendants would not file a notice of default or proceed toward foreclosure. Compl. ¶¶ 31-32. Despite this conversation, Plaintiff allegedly continued to follow the terms of the modification agreement, including tendering payments. Compl. ¶ 34.

On May 29, 2010, Defendants allegedly notified Plaintiff by letter that she was in default in an amount of more than $5,000. Compl. ¶ 35. The same letter also allegedly stated that Plaintiff had failed to make the monthly payments required by the TPP agreement - a statement that Plaintiff contends was contradicted by earlier correspondence from Defendants confirming timely receipt of the three required TPP payments. Id.

In June 2010, Plaintiff alleges that she again spoke with Defendants' representatives who assured her that she was not in foreclosure proceedings and that foreclosure proceedings would not commence while Defendants considered her for a loan modification. Compl. ¶¶ 36-38. Plaintiff allegedly received

1  another written notice on July 6, 2010, demanding past due
2  payments in the amount of $5,729.88.  Compl. ¶ 39.
3      Plaintiff filed a voluntary Chapter 7 bankruptcy petition on
4  February 26, 2011.  Defendants' Request for Judicial Notice
5  ("RJN") Exh. B.  On August 24, 2011, Defendants recorded a Notice
6  of Trustee's Sale, listing $161,809 as the loan amount owed.
7  Compl. ¶ 74.  Plaintiff's home was sold at a foreclosure sale on
8  September 20, 2011, for $30,000.  Compl. ¶¶ 40, 75.
9      Plaintiff filed her complaint on September 15, 2014, in
10 Sacramento County Superior Court (Doc. #1).  She asserted ten
11 causes of action: (1) breach of the TPP contract, (2) breach of
12 the modification agreement, (3) breach of the TPP's covenant of
13 good faith and fair dealing, (4) breach of the modification
14 agreement's covenant of good faith and fair dealing, (5) wrongful
15 foreclosure, (6) intentional misrepresentation, (7) unfair
16 business practices in violation of California Business and
17 Professions Code sections 17200, et. seq. ("UCL"), (8) violation
18 of California Civil Code sections 2923 and 2924, (9) violation of
19 California Civil Code sections 2953 and 2954, and
20 (10) negligence.  Defendants removed the action to this Court and
21 filed a motion to dismiss (Doc. #21).  The Court granted that
22 motion in part, dismissing Plaintiff's eighth, ninth, and tenth
23 causes of action without leave to amend, and denying the motion
24 as to the first seven causes of action (Doc. #27).  Defendants
25 answered (Doc. #28), and now move for judgment on the pleadings
26 (Doc. #37).  Plaintiff opposes the motion (Doc. #44).
27     //
28     //

II. OPINION

A. Judicial Notice

Defendants seek judicial notice of two exhibits: (1) the modification agreement referenced in the complaint and (2) the docket of Plaintiff's bankruptcy case (Doc. #38).

Under the doctrine of incorporation by reference, the Court may consider a document that a plaintiff "necessarily" relied on in the complaint if "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the [] motion." Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006). These elements have been met here, as Plaintiff has not contested that the document provided by Defendants is in fact the modification agreement she refers to throughout her complaint. See, e.g., Compl. ¶ 52. The Court therefore considers the agreement incorporated by reference.

As to the bankruptcy docket, it is in the public record and cannot be reasonably disputed. Fed. R. Evid. 201; see Santa Monica Food Not Bombs v. City of Santa Monica, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 662, 689 (9th Cir. 2001). Thus, the Court takes judicial notice.

B. Analysis

1. Standing

Defendants first argue that Plaintiff lacks standing because all of her claims and any recovery of damages on those claims constitute property of her bankruptcy estate. Mot. at 5-6. Plaintiff counters that the claims arose after the she filed her bankruptcy petition, so they are not property of the estate.

5

Opp. at 2.

Plaintiff is correct.  A claim that accrues prior to filing a bankruptcy petition is indeed property of the estate, and only the bankruptcy trustee - not the debtor – may bring those claims. See Cusano v. Klein, 264 F.3d 936, 945 (9th Cir. 2001).  But each of the claims here accrued post-petition, and therefore they are not property of the estate.  See Cox v. Old Republic National Title Ins. Co., 2016 WL 301974, at *7 (N.D. Cal. Jan. 25, 2016). Namely, this Court already decided that – taking the complaint's allegations as true - the contract claims accrued on September 20, 2011 when Defendants sold Plaintiff's home at foreclosure. See Order Granting in Part and Denying in Part Defendants' Motion to Dismiss ("Order re MTD") (Doc. #27) at 14; NBCUniversal Media, LLC v. Superior Court, 225 Cal.App.4th 1222, 1231 (2014) ("[T]he limitations period starts running when the last element of a cause of action is complete.").  Foreclosure occurred after Plaintiff had filed for bankruptcy in February 2011, and in fact after the entire bankruptcy proceeding had concluded in June 2011.  See In re Gilliland, 11-br-24840 (E.D. Cal.).  The other claims also accrued upon foreclosure.  The fifth cause of action for "wrongful foreclosure" could not have existed before foreclosure.  As to the sixth cause of action, the Court previously concluded that Defendants' "assurances were not proven false until [they] foreclosed on plaintiff's home," Order re MTD at 17:1-2, so her misrepresentation claim also accrued post-petition.  Similarly, the allegedly unfair and unlawful activity forming the basis of Plaintiff's UCL claim did not come to light until foreclosure.  Because all of Plaintiff's claims accrued

1  post-petition, she has standing to bring them.

2  Plaintiff asserts in her opposition that to the extent they
3  involve pre-petition events, she intends to reopen her bankruptcy
4  proceeding in order to seek the trustee's abandonment of the
5  claims she pursues here. Opp. at 2. She requests that the Court
6  stay its decision in this case until that process is complete.
7  Id. But since Plaintiff filed her opposition (in December), she
8  apparently has not made an attempt to reopen the bankruptcy
9  proceeding. See In re Gilliland, 11-br-24840 (E.D. Cal.).
10 Because the Court now holds that the complaint adequately alleges
11 Plaintiff's standing, the Court declines to stay the case in
12 anticipation of a possible reopening of the bankruptcy matter.

13              2.    Statutes of Limitations

14   Defendants next argue that the statutes of limitation bar
15 Plaintiff's contract claims and her UCL claim. Mot. at 8. But
16 this Court has previously determined that, on the pleadings, her
17 contract claims are not barred by the statutes of limitation.
18 Order re MTD at 14. Defendants provide no reason for the Court
19 to revisit that holding, and the Court declines to do so.

20  The UCL cause of action is also timely. As discussed above,
21 the UCL claim accrued on September 20, 2011. Such a claim has a
22 statute of limitations of four years. Cal. Bus. & Prof. Code
23 § 17208. Plaintiff filed her complaint on September 15, 2014, so
24 it was within the statute of limitations.

25  Defendants contend that accrual upon foreclosure is only
26 possible if "[Plaintiff's] damages were only related to the
27 Property." Mot. at 11:18-19. The Court finds this statement
28 perplexing, but believes it may be an attempt to argue that

                                   7

1  Plaintiff's claims accrued earlier than foreclosure because she
2  sustained at least some of her damages earlier.  That argument is
3  an incorrect interpretation of the law.  That is, a cause of
4  action accrues when all elements are completed.  <u>NBCUniversal</u>
5  <u>Media</u>, 225 Cal.App.4th at 1231.  If the last element to be
6  completed is damages, then it accrues upon a plaintiff incurring
7  damages.  If, however, the last element is something different,
8  such as breach of an agreement, the claim accrues upon the
9  completion of that last element.  Thus, the fact that some
10 damages may have occurred earlier than September 2011 does not
11 change the date of accrual in this case.  Defendants' argument is
12 without merit.

13             3.   <u>Defendants' Performance</u>

14    Defendants next argue that they adequately performed on the
15 TPP by offering Plaintiff a loan modification.  Mot. at 13.  The
16 existence of the modification agreement, according to Defendants,
17 disproves any claim that they breached the TPP by not offering a
18 modification.  <u>Id.</u>

19    This argument misunderstands Plaintiff's claims.  The
20 complaint alleges that Defendants breached the TPP by not
21 providing the loan modification promised in good faith.  Compl.
22 ¶¶ 34-42.  The breach became apparent when Defendants moved
23 forward with foreclosure despite Plaintiff's alleged compliance
24 with the TPP and modification terms.  <u>See</u> Compl. ¶¶ 46-49.

25    A further problem with Defendants' argument is that ruling
26 in their favor would require the Court to reach factual issues
27 outside the scope of this motion.  Defendants ask the Court to
28 interpret the TPP in their favor, yet contract interpretation

                                  8

1  involves factual issues that cannot be decided on the pleadings.
2  See Gardner v. RSM & A Foreclosure Servs., LLC, 2013 WL 1129392,
3  at *3 (E.D. Cal. Mar. 18, 2013).  The Court therefore rejects
4  Defendants' arguments.

### 4.   Contract Formation

6  Finally, Defendants contend that no loan modification
7  contract was formed, because Plaintiff's signature was
8  accompanied by the handwritten statement, "signed under duress."
9  Mot. at 13; see RJN Exh. A.  Plaintiff counters that Defendant
10 "waived" this defense by accepting the payments Plaintiff made to
11 Defendant under the contract.  Opp. at 4 (citing Compl. ¶ 53).
12 The Court agrees with Plaintiff.  Defendants cannot accept
13 Plaintiff's signature and reap the benefit of the resulting
14 agreement, just to later defend against their own breach by
15 rejecting the signature.  Cf. Common Wealth Ins. Sys., Inc. v.
16 Kersten, 40 Cal.App.3d 1014, 1026-28 (1974) ("Voluntary retention
17 of benefits with knowledge of the unauthorized nature of the act
18 constitutes ratification. . . . A person may not lull another
19 into a false sense of security by conduct causing the latter of
20 forebear to do something which he otherwise would have done and
21 then take advantage of the inaction caused by his own conduct.")
22 (citations and alterations omitted).  Moreover, the validity of
23 Plaintiffs' signature would be a question of fact that the Court
24 cannot resolve at this time.[2]  See Gruver v. Midas Int'l Corp.,

---

[2] This problem is especially salient here, where the statement "signed under duress" is left ambiguous and unexplained.  The statement is accompanied by another handwritten note reading, "MODIFICATION income is incorrect per atty a [sic][.]"  RJN Exh. A.  The Court declines to attempt an interpretation of these statements at this point in the litigation.

925 F.2d 280, 282 (9th Cir. 1991). The Court therefore denies the motion on this basis as well.

### III. ORDER

For the reasons set forth above, the Court DENIES Defendants' motion for judgment on the pleadings.

As a final matter, Defendants' reply brief exceeded the page limits allowed by this Court's previous order. See Pretrial Scheduling Order (Doc. #36) at 2-3 (limiting reply memoranda for Rule 12 motions to five pages and warning that "[a] violation of this Order will result in monetary sanctions being imposed against counsel in the amount of $50.00 per page" and that the Court will not consider argument made beyond the page limit). Accordingly, Defendants' counsel, Morgan, Lewis & Bockius, LLP, is sanctioned in the amount of $250, which shall be paid to the Clerk of the Court within five (5) days of the date of this order.

IT IS SO ORDERED.

Dated: February 11, 2016

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE